UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| LARRY MCALLISTER | CIVIL ACTION |
|---|---|
| VERSUS | NO. 09-2824 |
| WARDEN AL STRAIN | SECTION "F" (4) |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

### I. Factual Summary

The plaintiff, Larry McAllister ("McAllister"), is an inmate incarcerated in the St. Tammany Parish Jail ("STPJ"). He filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Warden Al Strain complaining about the conditions of his confinement.

McAllister alleges he has experienced very little outside yard time while being held in th STPJ, which is contrary to the prison's manual and violates his constitutional rights. He further alleges that he has a disability which requires regular physical therapy and outdoor exercise.

He also complains that the medical dormitory, where he is housed, is in a state of disrepair, with leaking pipes, roof, and walls. He claims that this results in him having to eat on rusting tables.

As relief, he seeks punitive damages in the amount of $500,000 and an order directing the Warden to make the necessary changes to ensure safe and sanitary living conditions.

**II.     Standards of Review for Frivolousness**

Title 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

## III. **Analysis**

The plaintiff has named Warden Strain as the sole defendant in this case, alleging that he is responsible for the conditions of the St. Tammany Parish Jail. The claims against the Warden are frivolous for the following reasons.

McAllister filed suit against Warden Strain because he is the head of the St. Tammany Parish Jail and, under a broad reading of his claims, is believed by McAllister to be responsible for all the aspects of prison life. Prison conditions that deny a prisoner "the minimal civilized measure of life's necessities" can constitute an Eighth Amendment violation. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). However, a prisoner still must allege that the prison official named in his lawsuit acted with deliberate indifference. *Id*. McAllister has not alleged here that Warden Strain knows of or has been aware of the conditions in the medical unit or the sufficiency of his exercise time.

Instead, his claims against the Warden are in the nature of a respondeat superior theory which is not an appropriate basis for relief under § 1983. *Bagley v. Scott*, 132 F.3d 1455 (5th Cir. 1997). Warden Strain, as a supervisory official, cannot be held liable pursuant to § 1983 under a vicarious liability theory simply because an employee or subordinate violated a plaintiff's constitutional rights. *See Alton v. Tex.A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Instead, a state actor may be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of [the prisoner's] constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980).

Supervisory liability may exist "without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). An official policy is:

1. a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the [government entity] . . . or by an official to whom the [entity] ha[s] delegated policy-making authority; or

2. A persistent, widespread practice of . . . officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents [the entity's] policy.

*Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir.1992). A plaintiff may also establish a custom or policy based on an isolated decision made in the context of a particular situation if the decision was made by an authorized policymaker in whom final authority rested regarding the action ordered. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988); *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996).

In this case, McAllister has not alleged that Warden Strain implemented any policy which denied him of constitutionally sufficient conditions or exercise opportunities in the medical unit at the STPJ. To that end, inmates have no protected liberty interest in specific recreational opportunities. *Lato v. Attorney Gen.*, 773 F. Supp. 973, 978 (W.D. Tex. 1991) (citing *Beck v. Lynaugh*, 842 F.2d 757, 762 (5th Cir. 1988)). To succeed on a claim under § 1983 for lack of exercise provisions, a prisoner must set forth facts sufficient to "support the existence of any health hazard under the specific circumstances involved." *Ruiz v. Estelle*, 679 F.2d 1115, 1152 (5th Cir. 1982), *amended in part*, *vacated in part on other grounds*, 688 F.2d 266 (5th Cir. 1982); *Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir. 1986). Although McAllister alleges that he should be given

4

more outdoor recreation and exercise time, he fails to set forth facts sufficient to show a serious health risk in general or any specific harm to him personally from the limits placed on his outdoor recreation while housed in the medical unit.

Furthermore, he has not established that the conditions in which he is housed are unconstitutional. A minor sanitation restriction or problem, although admittedly unpleasant, does not amount to a constitutional violation. *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994); *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992); *Robinson v. Ill. State Corr. Ctr.*, 890 F. Supp. 715, 720 (N.D. Ill. 1995). "[J]ails must provide only reasonably adequate hygiene and sanitation conditions." *Burton v. Cameron County*, 884 F. Supp. 234, 241 (S.D. Tex. 1995) (citing *Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir. 1986)). McAllister's allegations do not establish that the conditions in the medical unit reach the level of a constitutional violation. Serving time in prison "is not a guarantee that one will be safe from life's occasional inconveniences." *Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982). The federal courts have repeatedly held that the Constitution does not mandate prisons with comfortable surroundings or commodious conditions. *Talib v. Gilley*, 138 F.3d 211, 215 (5th Cir. 1998).

For the foregoing reasons, McAllister has failed to allege a constitutional violation for which Warden Strain, as supervisor over the STPJ, can be held liable. His claims must be dismissed as legally frivolous and otherwise for failure to state a claim for which relief can be granted.

## IV. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that McAllister's § 1983 claims against Warden Strain be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state

a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 18th day of November, 2009.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**